UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 3:13-cv-50287 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 98.228.181.61, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO SEAL
EXHIBIT C TO THE COMPLAINT [CM/ECF 1-3]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for the entry of an order sealing its Exhibit C to the Complaint [CM/ECF 1-3] and states:

1. On September 8, 2013, Plaintiff filed its Complaint attaching as Exhibit C a list of expanded surveillance of other digital media files being distributed by Defendant.

2. Plaintiff's response to this Court's Order to Show Cause of September 13, 2013 (CM/ECF 2) is forthcoming; however, consistent with Plaintiff's actions in nearly all of its similar cases in this District, Plaintiff desires to immediately alleviate concerns about Exhibit C by respectfully requesting that the Court seal it from public view.

3. As will be further explained in response to this Court's Order to Show Cause, Plaintiff filed Exhibit C for proper purposes. Despite Exhibit C's references to additional adult films, Plaintiff filed this Exhibit C in order to:

(a) assist Plaintiff to identify the infringer;

(b) allow an innocent doe defendant to identify the infringer and tell Plaintiff the identity of the infringer prior to being served;

   (c) assist Plaintiff to prove that the Defendant is a BitTorrent user;

   (d) assist Plaintiff to prove that the infringer resides in the subscriber's house;

   (e) assist Plaintiff to prove that the defendant had knowledge of the infringement;

   (f) assist Plaintiff to defend against motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6);

   (g) require Defendant to either admit or deny the allegations;

   (h) bring Exhibit C within the scope of discovery topics associated with the third party infringements, including possible DMCA notices, which may be relevant to proving its case;

   (i) avoid any accusations of fabrication by opposing counsel after Plaintiff has received the identity of the Defendant.

  4. To be clear, neither Plaintiff nor its attorneys have ever intended to embarrass Defendant.

  5. Good cause exists to grant this motion. Ordinarily *sua sponte* "show cause orders will [] be issued only in situations that are akin to a contempt of court[.]" Fed. R. Civ. P. 11 advisory committee's note. Because "the rule does not provide a 'safe harbor' to a litigant for withdrawing a claim, defense, etc., after a show cause order has been issued on the court's own initiative," corrective action taken by a litigant "should be taken into account in deciding what—if any—sanction to impose," after considering the litigant's response. *Id.*

2

WHEREFORE, Plaintiff respectfully requests that the Court seal Plaintiff's Exhibit C to its Complaint [CM/ECF 1-3]. A proposed order is attached for the Court's convenience.

Dated: September 23, 2013

Respectfully submitted,

SCHULZ LAW, P.C.

By: /s/ *Mary K. Schulz*
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
Fax: (224) 535-9501
Email: schulzlaw@me.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Mary K. Schulz*